UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher James Dawson,

Petitioner,

vs.

David Crist, Warden,

Respondent.

02-CV-295 DSD/FLN

**REPORT AND RECOMMENDATION**

---

Christopher Dawson, Pro Se.
Elizabeth V. Cutter for David Crist.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Christopher James Dawson's ("Petitioner's") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254. Petitioner, who is in custody at the Stillwater Correctional Facility in Minnesota, claims that his continued incarceration violates the United States Constitution. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be denied. Petitioner's Motion to Stay Proceedings [# 6] should be denied as moot.[1]

## I. BACKGROUND

On July 14, 1999, Petitioner was convicted by Hennepin County District Court Judge John Sommerville, of assault in the first degree following a trial to the Judge. Petitioner was sentenced

---

[1]Petitioner filed a motion to stay proceedings on March 5, 2002, where he requested an additional 60 days to prepare a response to the respondents brief. As of August 5, 2002, no reply has been received by Petitioner and more than 60 days have expired.



FILED 8.7.02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D ______
DEPUTY CLERK ______

to the Minnesota Commissioner of Corrections for an executed term of 122 months on September 16, 1999. Prior to sentencing, Petitioner was granted a hearing to request a new trial based on a newly discovered police report that was unavailable at trial. Petitioner's request was denied. Petitioner filed an appeal to the Minnesota Court of Appeals claiming the trial court erred in denying a new trial because: (1) The prosecution failed to disclose a police report prior to trial; and, (2) The defense presented newly discovered evidence.

The Minnesota Court of Appeals rejected Petitioner claims and affirmed his conviction on September 19, 2000. The Minnesota Supreme Court denied further review on November 15, 2000. On September 10, 2001, Petitioner filed a petition for post-conviction relief, alleging insufficient evidence existed to support his conviction. He also raised the issue of ineffective assistance of counsel in his appeal because the sufficiency of the evidence issue was not raised by his attorney on appeal. The post-conviction court denied relief because the insufficiency of evidence issue was not raised on direct appeal, and was therefore waived. The post-conviction court also stated that Petitioner's appellate attorney raised valid claims on appeal and chose not to argue insufficiency of the evidence. The Court found the appellate lawyer's choices to have been reasonable. On January 22, 2002, Petitioner filed this Petition for Writ of Habeas Corpus.

Dawson's Petition asserts that his constitutional rights were violated because:

1. The evidence is insufficient to support his conviction;

2. Petitioner was denied effective assistance of counsel at trial because his trial attorney failed to discover a police report in a timely manner; and

3. Petitioner was denied effective assistance of counsel on appeal because his appellate attorney failed to properly present information demonstrating his innocence and failed to raise ineffective assistance of trial counsel.

Respondent contends that each of Petitioner's claims has been either fairly presented and decided on the merits by the Minnesota Supreme Court or cannot be heard due to the Petitioner's procedural default.

## II. ANALYSIS

### A. Standard of Review

Federal habeas corpus proceedings constitute a collateral attack by the petitioner upon a final state court judgment, and a federal court is authorized to grant relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C.A. § 2254(a)(West 1994); Harris v. Rivera, 454 U.S. 339, 343 102 S.Ct. 460, 463 (1981). The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. 2254 to deny habeas corpus relief where a claim is adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

In Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000), the United States Supreme Court discussed the meaning of this statute, and how it should be applied by the federal district courts. The Court pointed out that

> "a state-court decision can be 'contrary to' this Court's clearly established precedent in two ways. First, a state court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question

> of law. Second, a state court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a conclusion opposite to ours."

Id. at 1519 (emphasis added).

> "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

Id. at 1523.

The Court further explained that

> "A federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable... . A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

Id. at 1521-22 (emphasis added).

"In assessing the reasonableness of the state court's treatment of the issues, we look to federal court decisions of factually similar cases." Basile v. Luebbers, No. 00-1771 (8th Cir. Jan. 9, 2001), 2001 WL 15747 at *1.

In sum, a federal court is not free to conduct its own de novo review of a state prisoner's constitutional claims. Habeas relief cannot be granted unless the prisoner has identified, and substantiated a specific error committed by the state courts. "Mere disagreement with the [state] court's conclusions is not enough to warrant habeas relief." Long v. Humphrey, 184 F.3d 758, 760 (8th Cir. 1999). The Petitioner must show that the state courts committed the type of error that is actionable under § 2254(d), as that statute has been interpreted by the Supreme Court in Williams.

Moreover, a state court's determination on the merits of a factual issue is entitled to a presumption of correctness. 28 U.S.C.A. § 2254(e)(1). This presumption applies to factual determinations both by trial courts and by appellate courts. Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000). Petitioner must rebut the presumption of correctness with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**B. Discussion**

**1. Insufficiency of the Evidence**

An insufficient evidence claim requires the Court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Petitioner argues that the evidence presented at trial was insufficient because a police report was not presented to the prosecutor until the day after the trial court found him guilty. Petitioner, through his attorney presented this "new evidence" to the trial court, where Judge Sommerville reviewed the document and concluded all the information in the police report was known to the Petitioner at trial and had been presented to the court. Therefore, the information was not new information and did not warrant a new trial. This statement was evaluated by the fact-finder prior to sentencing to determine if the new information affected the determination of guilt. The post-conviction court denied relief on this issue because it was not raised in direct appeal to the Minnesota Court of Appeals.

If a Petitioner fails to present a federal constitutional claim to the state court in the manner prescribed by the state court's procedural rules, the state court declines to address the claim, and the procedural default rests upon "adequate and independent state grounds," the Petitioner is generally

barred from obtaining federal habeas review of the defaulted claim. See Wainwright v. Sykes, 433 U.S. 72, 72 (1977)(procedural default occurred when Petitioner failed to make timely objection under state contemporaneous objection rule to admission of inculpatory statements). Here, there was no appellate review of the sufficiency of evidence in state court because the state appellate court concluded Petitioner had waived the claim when he failed to raise it on direct appeal. This waiver under state law bars Petitioner from obtaining habeas corpus review of the defaulted claim.

**2. Effective Assistance of Counsel at Trial**

Petitioner also contends that his convictions should be vacated because he received ineffective legal assistance from his trial counsel. Specifically, he claims that his attorney should have discovered the absent police report prior to trial.[2]

To establish an ineffective assistance of counsel claim under the Sixth Amendment, Petitioner must show: (1) counsel's performance was objectively unreasonable; and (2) counsel's error reasonably caused the jury to convict. Strickland v. Washington, 466 U.S. 668 (1984). Ineffective assistance claims are evaluated under the presumption that counsel has rendered effective assistance to a client. Strickland, 466 U.S. at 689. In addition, strategic choices of trial counsel are entitled to great deference. Id. (citing Michel v. Louisiana, 350 U.S. 91, 100-01 (1955)); Krimmel v. Hopkins, 44 F.3d 704, 710 (8th Cir. 1995). The petitioner bears a heavy burden in showing that he received ineffective assistance of counsel. Strickland, 466 U.S. at 687; Riley v. Lockhart, 726

---

[2]The police report summarizes an interview with Petitioner's father. Petitioner claims his father is the assailant in the case. The report states that the father was with Petitioner at the bar where the assault occurred, and that he saw Petitioner argue with the victim, and follow the victim into the bathroom, but the father did not go into the bathroom himself. The father stated he saw Petitioner leave the bathroom of the bar uninjured. This evidence was known at trial, although no report was produced.

F.2d 421, 422 (8th Cir. 1984).

The state court's citation to Strickland clearly demonstrates that the proper legal standard was applied to Petitioner's ineffective assistance claims. Furthermore, Petitioner has not cited any U.S. Supreme Court decision involving facts that are "materially indistinguishable" from the facts of record here, in which an ineffective assistance claim was upheld. Thus, it cannot be said that the state court decision on Petitioner's ineffective assistance claim is "contrary to" established federal law for purposes of § 2254(d)(1). See Williams, 120 S.Ct. at 1520 (when a state court applies a Strickland analysis to an ineffective assistance claim, the court has acted in accordance with -- not contrary to -- established federal law); see also id. at 1525 (Rehnquist, C.J., concurring in part and dissenting in part) ("[g]enerally, in an ineffective-assistance-of-counsel case where the state court applies Strickland, federal habeas courts can proceed directly to 'unreasonable application' review").

Petitioner has also failed to show that the State Court of Appeals' decision in his case involves either (i) an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," or (ii) an "unreasonable application of clearly established Federal law" to the facts of the case. 28 U.S.C. § 2254(d)(1) and (2). The trial court permitted Petitioner to present the report, and it was assessed in light of all the other information presented in the case. It was determined that the report had no affect on the determination of Petitioner's guilt. There is nothing in the record to indicate the attorney could have discovered this report any sooner than it was produced. Next, the information presented was not new, and in the absence of new evidence, Petitioner cannot argue the verdict would be influenced.

Petitioner has failed to establish both prongs of his ineffective assistance of trial counsel claim. He has offered no evidence to establish that the attorney's actions were unreasonable or

below standard, and he has failed to show that the outcome of the case would have been different if the report had been discovered sooner.

**3. Ineffective Assistance of Appellate Counsel**

The Petitioner also claims his appellate counsel was ineffective because he failed to argue trial counsel's ineffectiveness and insufficiency of the evidence. Petitioner has again failed to establish either prong of the Strickland standard. The Minnesota Court of Appeals found that Petitioner's appellate counsel acted reasonably in selecting issues to raise on appeal. Petitioner offers nothing more than his own speculation that his attorney did not consider the issues for appeal. Petitioner has not demonstrated that his attorney acted incompetently or below standard. Likewise, Petitioner has failed to establish that the outcome would have been different if his appellate lawyer had raised the issue Petitioner now claims he should have raised.

Because Petitioner provided only conclusory assertions to the state courts, unsupported by any specific relevant evidence, those courts could not have made any unreasonable factual determinations pertaining to Petitioner's ineffective assistance of counsel claims. For the same reason, the state courts could not have made an objectively unreasonable application of the relevant law to the facts of the case. Petitioner cannot be granted habeas corpus relief on his ineffective assistance of appellate counsel claim pursuant to either the "unreasonable determination of the facts" clause in § 2254(d)(2), or the "unreasonable application of clearly established Federal law" clause in § 2254(d)(1).

Habeas corpus relief cannot be granted based on conclusory allegations such as those offered by Petitioner here. See Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987), cert. denied, 484

U.S. 1074 (1988). See also Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir.) ("nothing could encourage a proliferation of ineffectiveness of counsel claims more than to permit an accused to establish the prejudice prong of Strickland on a showing of nothing more than speculation that he had been prejudiced by his counsel's performance"), cert. denied, 493 U.S. 898 (1989). The Court concludes that Petitioner's ineffective assistance of counsel claims must be rejected, and that his application for a writ of habeas corpus must be denied.

## III. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Christopher James Dawson's Petition for a Writ of Habeas Corpus [#1] be **DENIED**; and

2. Petitioner's Motion to Stay Proceedings [# 6] should be **DENIED as moot**.

DATED: Aug 7, 2002

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties within ten days of service of this Report and Recommendation written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.